UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 10-318-GWU

VICKI LYNN MOORE, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Vicki Moore brought this action to obtain judicial review of the unfavorable portion of a partially favorable administrative decision on her application for Supplemental Security Income (SSI). The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

1

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4. At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5. If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform,

then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental

contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ." <u>Abbott v. Sullivan</u>, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. <u>Id</u>. In such cases, the agency may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Moore, a 48-year-old woman with a high school education and no past relevant work history, suffered from impairments related to type 1 diabetes, hypothyroidism, scoliosis, and anxiety. (Tr. 42, 46). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 45). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally

disabled. (Tr. 46-47). The ALJ based this decision, in large part, upon the testimony of a vocational expert.

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The court must first determine the time frame pertinent to this appeal. Moore filed her current SSI application on October 24, 2008, alleging a disability onset date of August 25, 2006. (Tr. 116). The plaintiff had filed several prior applications for SSI with the last decision final as of September 3, 2008.[1] (Tr. 40). The ALJ declined to reopen this prior application. (Id.). The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date. Casey v. Secretary of Health and Human Services, 987 F.2d 1230, 1233 (6th Cir. 1993). Therefore, the pertinent time period for this appeal runs from the October 24, 2008 SSI filing date through the December 10, 2009 date of the ALJ's current denial decision.

The hypothetical question initially presented to Vocational Expert Julian Nadolsky included an exertional limitation to medium level work, restricted from a full range by such non-exertional restrictions as (1) an inability to ever climb ropes,

---

[1] The ALJ cited August 29, 2008 but the decision is actually dated September 3, 2008. (Tr. 66).

ladders or scaffolds; (2) an inability to more than frequently stoop, kneel, crouch or crawl; (3) a need to avoid exposure to vibrations; (4) a limitation to one- or two-step tasks and instructions; and (5) a "limited but satisfactory" ability to carry out detailed instructions or deal with work stress.  (Tr. 27).  In response, Nadolsky identified a significant number of jobs in the national economy which could still be performed.  (Tr. 27-28).  He then presented a number of mental limitations including a "mild" restriction involving simple instructions, making simple work-related judgments and interacting appropriately with co-workers and a "moderate " limitation concerning complex instruction, interacting with the public or supervisors and responding appropriately to usual work situations and work routine changes.[2]  (Tr. 29).  The witness testified that the previously cited jobs could still be performed with these restrictions.  (Id.).  Therefore, assuming that the vocational factors considered by Nadolsky fairly depicted Moore's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error.  Moore was found capable of performing a restricted range of medium level work in the administrative decision which became final on August 29, 2008.  (Tr. 57-66).  Principles of <u>res judicata</u>

---

[2]"Mild" was defined as "a slight limitation but can generally function well" while "moderate" was defined as "slight but still able to function satisfactorily."  (Tr. 29).

require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application.  <u>Drummond v. Commissioner of Social Security</u>, 126 F.3d 837, 842 (6th Cir. 1997).  Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding . . . ." The ALJ's findings of a restricted range of medium level work is in accord with these directives.

Dr. Sudhideb Mukherjee reviewed the record in March of 2009 and opined that Moore would be restricted from lifting more than 50 pounds occasionally and 25 pounds frequently.  (Tr. 639).  Dr. Mukherjee precluded the plaintiff from ever climbing ladders, ropes or scaffolds.  (Tr. 640).  The claimant would also need to avoid concentrated exposure to vibrations.  (Tr. 642).  The doctor affirmed the findings made in the prior administrative denial decision.  (Tr. 640).  The ALJ's findings were consistent with this opinion.

Dr. Barry Burchett examined Moore in December of 2008. Dr. Burchett noted a medical history of type I diabetes, scoliosis, and back pain.  (Tr. 596).  Physical examination revealed a normal gait which was not unsteady, lurching or unpredictable.  (Tr. 597). She was stable at station and comfortable both sitting and

supine.  (Id.).  Funduscopic examination revealed no sign of hypertensive or diabetic retinopathy.  (Tr. 598).  The lung fields were clear to auscultation and percussion.  (Id.).  The doctor found no sign of vascular insufficiency or chronic venous changes.  (Id.).  The shoulders, elbows and wrists were not tender and there was no sign of redness, warmth, swelling or nodules.  (Id.).  The hands were free of swelling, atrophy, warmth or tenderness.  (Id.).  No tenderness, redness, warmth, swelling, fluid, laxity or crepitus was found upon examination of the lower extremities.  (Id.).  There was no sign of paravertebral muscle spasm upon examination of the cervical spine. (Id.).  Significant scoliosis of the dorsal spine was noted by the physician. (Tr. 599).  Dr. Burchett did not detect hip joint tenderness, redness or warmth.  (Id.).  Neurological examination revealed that sensory modalities were well preserved including light touch, pinprick and vibration.  (Id.).  Vibratory sensation was normal in the feet despite complaints of mild neuropathy. (Id.). There was no sign of atrophy. (Id.).  Reflexes were symmetrical in the biceps, triceps, brachioradialis, patellar, and Achilles deep tendon.  (Id.).  The doctor reported an impression of insulin dependent diabetes and chronic low back pain with dorsal scoliosis.  (Id.).  Dr. Burchett's report does not suggest significant deterioration in the claimant's condition and, so, supports the administrative decision.

Dr. Sharon Colton of the Cloverfork Clinic opined in April of 2009 that Moore was unable to work in any capacity. (Tr. 648). The ALJ rejected this opinion as binding because this was an opinion reserved to the Commissioner under the federal regulations. (Tr. 46). 20 C.F.R. § 416.927(e)(1). The ALJ also indicated that Dr. Colton's opinion was not well-supported by the objective medical data which was provided since the physician made largely benign examination findings. (Id.). The court notes in September of 2008, Dr. Colton indicated that the plaintiff's diabetes was well controlled. (Tr. 571). In April of 2009, the claimant reported experiencing a lot of back pain but was managing without medications. (Tr. 651). Therefore, under these circumstances the ALJ properly rejected Dr. Colton's opinion.

Moore argues that the ALJ erred by failing to rely upon the opinion of Dr. Gregory Dye, a treating source. In April of 2006, Dr. Dye indicated that the plaintiff would be restricted to less than a full range of sedentary level work. (Tr. 425-427). In June of 2008, the doctor opined that the claimant was totally disabled for work. (Tr. 547). The disability opinion of the doctor would be an issue reserved to the Commissioner and not binding on the administration. 20 C.F.R. § 404.1527(e)(1). Furthermore, these opinions were issued well before the relevant time period which began on October 24, 2008 and during a time period when Moore had already been

found not disabled in the administration's denial decision issued on September 3, 2008. (Tr. 57-66). Therefore, under these circumstances, the court finds no error.

The ALJ also dealt properly with the evidence of record pertaining to Moore's mental condition. The plaintiff did not seek treatment from a mental health professional during the time period pertinent to this appeal.[3] Psychologists Edward Stodola (Tr. 602) and Jane Brake (Tr. 624) each reviewed the record and opined that the claimant did not suffer from a "severe" mental impairment. These reports do not suggest a deterioration in Moore's condition since the prior adjudication.

During the processing of this most recent SSI application, Moore submitted a medical report and a functional capacity assessment form from Psychologist Reba Moore which were dated from May and June of 2008, before the relevant time period. (Tr. 535-545). The psychologist diagnosed a depressive disorder, a generalized anxiety disorder, and borderline intelligence. (Tr. 545). The examiner rated the claimant's Global Assessment of Functioning (GAF) at 60. (Id.). Such a GAF suggests the existence of "moderate" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34. The psychologist indicated that the

---

[3] Prior to the relevant time period, the plaintiff did seek treatment for mental health problems at the Cumberland River Comprehensive Care Center between November of 2006 and July of 2007. (Tr. 455-473). A diagnosis of an anxiety disorder and an adjustment disorder was noted in February of 2007. (Tr. 463). Specific mental limitations were not reported by the staff.

claimant would be "mildly" limited in dealing with simple instructions, making simple judgments, and relating appropriately with co-workers. (Tr. 537-538). "Moderate" restrictions were indicated for dealing with complex instructions, making complex work-related decisions, interacting with the public and supervisors and responding appropriately to work changes. (Id.). These restrictions were essentially consistent with those presented by the ALJ in the second hypothetical question and a significant number of jobs could still be performed by one afflicted with them. Therefore, Reba Moore's report does not help establish the plaintiff's disability claim.

Moore also cites the report of psychologist Robert Spangler, asserting that this evidence also supports her disability claim. Spangler diagnosed an anxiety disorder with depressed mood. (Tr. 416). The examiner indicated that the plaintiff would have a "poor or none" ability in dealing with complex instructions and demonstrating reliability and a "fair" ability in such areas as following work rules, dealing with the public, and dealing with detailed instructions. (Tr. 420-421). However, this opinion was issued in October of 2005. (Tr. 422). This was well before the relevant time period and during a time period when the claimant has already been found not disabled. Therefore, the opinion does not support Moore's current claim.

Moore argues that the ALJ did not properly evaluate her subjective pain complaints.  Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Moore was found to be suffering from a potentially painful condition.  However, even if she could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs.  As previously noted, Dr. Burchett made largely benign findings upon physical examination. (Tr. 598-599).  Despite opining that the plaintiff was totally disabled, Dr. Colton found that her diabetes was under good control and she managed her back pain without medication use.  (Tr. 571, 651).  Thus, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain.  Therefore, the ALJ would appear to have properly evaluated Moore's pain complaints.

The undersigned concludes that the administrative decision should be affirmed. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 22nd day of September, 2011.

**Signed By:**
*G. Wix Unthank*
**United States Senior Judge**